

FILED

10 NOV -4 PM 3: 25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAY WESLEY SIMMERMAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 09-cv-1044 BEN (BGS)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[Docket Nos. 20, 21, 23] |

      On October 20, 2010, United States Magistrate Judge Bernard Skomal entered a Report and Recommendation recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. (Docket No. 23.)

      Upon service of a magistrate judge's report and recommendation, a party has fourteen (14) days to file written objections. 28 U.S.C. § 636(b)(1). Judge Skomal's Report and Recommendation also advised the parties of this deadline and specifically noted that the deadline expired on November 3, 2010. (Report, p. 17.) Nonetheless, no party filed an objection to the Report and Recommendation. In particular, Plaintiff, who is represented by counsel and is the party adversely affected by the Report and Recommendation, did not file an objection.

      Failure to object to a Report and Recommendation waives all objections to the findings of fact set forth therein. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). It does not, however, relieve

this Court of its burden to review de novo the Magistrate Judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

A five-step sequential evaluation process applies in determining whether a claimant is disabled:

1. The claimant must first show that he or she is not currently engaged in substantial gainful activity.
2. If not so engaged, the claimant must next show that he or she has a severe impairment.
3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one of the impairments described in 20 C.F.R. Pt. 404, Subpt. P. App. 1 ( the "Listing Impairments"). If the claimant's impairments do not meet or medically equal one of the Listing Impairments, the analysis proceeds to the fourth step.
4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here.
5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled.

*Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The claimant bears the burden of proof at steps one through four, but at the fifth step the

Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P. App. 2. *Id.* If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits. *Id.*

The ALJ followed this five-step process when assessing Plaintiff's claims. First, the ALJ found that Plaintiff had not engaged in substantial gainful employment since his alleged onset date of July 1, 2004. (AR at 11.) Second, the ALJ found that Plaintiff had severe impairments including attention deficit hyperactive disorder, a learning disorder not otherwise specified, dysthymia, and a history of amphetamine abuse. (AR 11-12.) However, at the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listing Impairments. (AR 12.)

Fourth, the ALJ found Plaintiff had the residual functional capacity to perform a range of "all exertional work except he has moderate limitations in activities in daily living, social functioning, and his capacity to concentrate and tolerate normal stress, and his capacity to maintain a daily and weekly schedule." (AR 15.) Additionally, relying on Dr. Valette's findings that Plaintiff's speech was normal, his mood appropriate, his recall good, and his thought process organized, and Dr. Englehorn's findings that Plaintiff was alert, well dressed, logical, clear and oriented, the ALJ found that Plaintiff's complaints were not "fully substantiated by the objective medical conclusions and his symptoms may not have been as limiting as the claimant has alleged in connection with his application." *Id.* The ALJ concluded that Plaintiff was capable of performing past relevant work and, therefore, failed at Step 4 of the disability evaluation process.

After an extensive review of the record and applicable law, this Court finds that Magistrate Judge Bernard Skomal's Report and Recommendation is well-supported in law and fact, and adopts the findings and recommendations set forth therein in their entirety. There is substantial evidence in the record to support the ALJ's decision and the ALJ's decision is not based on legal error.

///

///

1  The Clerk of the Court is directed to enter Judgment in this matter in favor of the
2  Commissioner and close the file in this case.
3  **IT IS SO ORDERED.**
4  Date: November 4, 2010

Hon. Roger T. Benitez
United States District Court Judge